IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JEFFREY NDUNGI SILA,
            Petitioner,

v.

UNITED STATES OF AMERICA,
            Respondent.

No.    3:25-CV-1708-B
       (3:16-CV-448-B)

## RESPONSE TO CORAM NOBIS PETITON

After a jury trial, two appeals, and an unsuccessful 28 U.S.C. § 2255 motion, Sila stands convicted of one count of theft of public funds, in violation of 18 U.S.C. §§ 641 and 2, and one count of aggravated identity theft, in violation of 18 U.S.C. §§ 1028A and 2.  He now asks this Court to issue a writ of coram nobis undoing his convictions based on the same central argument that both the Fifth Circuit and this Court have already rejected.  (CV No. 3.)[1]  This Court should reject Sila's attempt to use this "extraordinary remedy" because he has litigated and lost the very claim underlying his petition—meaning he cannot show any error, much less the "complete miscarriage of justice" required to prevail.  This Court should deny Sila's petition.

## STATEMENT OF THE CASE

The Fifth Circuit's first opinion on appeal summarizes the relevant factual background.  On August 9, 2016, Sila knowingly converted a stolen IRS Treasury check into cash in a transaction with an undercover IRS agent.  *United States v. Sila*, 978 F.3d

---

[1] "CV No. __" refers to the docket number of this coram nobis proceeding.  "CR No. __" refers to the docket number of the underlying criminal proceeding, *United States v. Sila*, 3:16-CV-448-B (N.D. Tex.).

264, 266-67 (5th Cir. 2020).  As part of that transaction, Sila disclosed details of Cynthia Short's identity—the (deceased) individual to whom the Treasury check was issued.  *Id.* at 267.  In light of these events, a grand jury initially charged Sila with one count of theft of public funds, in violation of 18 U.S.C. §§ 641 and 2 (Count 1) and one count of aggravated identity theft, in violation of 18 U.S.C. §§ 1028A and 2 (Count 2).  *Id.*

Further investigation into Sila's conduct revealed that: (1) additional fraudulent tax returns were filed from an IP address in Kenya associated with him; and (2) refunds from some of those returns were deposited in a bank account controlled by one of Sila's co-conspirators, Lydia Breaux.  *Id.*  One such fraudulent return was filed in the name of Dietrich Eipper, and it formed the basis of the third count in the second superseding indictment: another count of theft of public funds, in violation of 18 U.S.C. §§ 641 and 2 (Count 3).  A jury convicted Sila on all three counts, and Sila filed his first appeal.  *Id.*

In that first appeal, Sila challenged his convictions on Counts 1 and 2[2] by claiming that the district court failed to give a unanimity-of-theory instruction, which he claimed allowed the jury to convict him on Count 1 even if jurors were not unanimous as to whether Sila violated Section 641 by: (1) stealing the Treasury check in Kenya; or (2) knowingly converting it into cash in Dallas.  *Id.* at 268.  The Fifth Circuit rejected that argument, concluding that the government "did not allege two offenses in two locations, or even that one offense occurred across two locations"; rather "[t]he indictment is instead based solely on the August 9, 2016 Dallas transaction" during which Sila

---

[2] Count 2 required Count 1 as a predicate, so by attacking his conviction on Count 1, Sila also challenged his conviction on Count 2.  *See Sila*, 978 F.3d at 267, 270.

knowingly converted the IRS treasury check into cash. *Id*. at 269. Relatedly, the Fifth Circuit rejected Sila's argument that this Court erred by not ensuring that the jury was unanimous as to whether Sila "stole" or "knowingly converted" the Cynthia Short check. *Id.* Relying on *United States v. Coffman*, 969 F.3d 186 (5th Cir. 2020), the panel concluded that these verbs were overlapping means of violating the statute, and thus did not require a unanimity-of-theory instruction. *See Sila*, 978 F.3d 269-70.

While the Fifth Circuit affirmed Sila's convictions on Counts 1 and 2, it vacated his conviction on Count 3 because it determined that the IP-address-related connections between Sila and the fraudulent Eipper tax return were insufficient to support that conviction beyond a reasonable doubt. *Id.* at 270-71. It thus remanded the case for resentencing, where the only issue left in contention was whether this Court properly calculated the loss amount attributable to Sila. *Id.* at 271.

During resentencing before this Court, the only argument Sila presented concerned the loss-amount calculation following the Fifth Circuit's reversal on Count 3. (CR Nos. 206, 209-1, and 210.) After briefing and argument on that issue, this Court agreed with the government's (and the U.S. Probation Office's) loss-amount calculation and imposed an 87-month sentence, which was slightly lower than Sila's original 97-month sentence. (CR No. 220 at 35-40.)

For his second appeal, Sila tried to attack his already-affirmed convictions on Counts 1 and 2 with claims about a purported constructive amendment. The Fifth Circuit rejected those arguments in granting the government's motion for summary affirmance—finding that they were forfeited under the law-of-the-case doctrine and its related waiver

3

doctrine. *See United States v. Sila*, No. 21-10347, 2022 WL 327014, at *1 (5th Cir. Feb. 3, 2022) (unpublished) (citing *United States v. Lee*, 358 F.3d 315, 320 (5th Cir. 2004), and *United States v. Stanford*, 883 F.3d 500, 514 (5th Cir. 2018)).

Then, in his Section 2255 motion, Sila raised seven claims—most notably, the same constructive-amendment claim that he had tried to present in his second appeal. Specifically, Sila argued that his Fifth Amendment rights were violated through a purported constructive amendment because the second superseding indictment "did not include the 'selling' language from the second clause of the first paragraph of § 641, and the Government showed at trial that [Sila's] only unlawful conduct was the sale of the subject treasury check of Count One." *Sila v. United States*, No. 3:22-cv-1340-B, 2024 WL 3625669, at *3 (N.D. Tex. July 31, 2024). This Court rejected that argument after concluding (in line with the Fifth Circuit's prior holding) that Sila's "offense conduct in the underlying criminal case—selling the treasury check for cash—is encompassed by the 'stealing' and 'conversion' language in the second superseding indictment and jury instructions." *Id.*

Sila has completed his term of imprisonment as well as his one-year term of supervised release. He now tries to rehash in this petition the same central argument that he has already lost—namely, the claim that there is a disconnect or constructive amendment between his charged crime and his crime of conviction. (CV No. 3 at 6.) This Court can easily reject that petition, which it effectively already did in denying his Section 2255 motion last year.

## ARGUMENT AND AUTHORITIES

### Standards of Review

Section 2255 is the primary means for a federal prisoner to collaterally attack his conviction or sentence. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). But a prisoner may only proceed under Section 2255 while he is "in custody." *See Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013). Once a defendant is no longer in custody, he may only attack his prior federal conviction or sentence by petitioning for a writ of coram nobis. *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004). Coram nobis is an extraordinary remedy. *Id.* The error challenged must be of a sufficient magnitude as to justify the extraordinary relief sought— a "complete miscarriage of justice." *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996) (citing *United States v. Castro*, 26 F.3d 557, 558 (5th Cir. 1994)); *see also Esogbue*, 357 F.3d at 535. The Supreme Court has noted that "is difficult to conceive of a situation in a federal criminal case today where [the writ] would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996). And where, as here, a defendant's "assertions amount to hardly more than regurgitation of the claims he has already presented in his § 2255 petition," "it cannot be said that he has made the necessary showing." *Esogbue*, 357 F.3d at 535. Indeed, this Fifth Circuit has made clear that a writ of coram nobis cannot be used to "override" Section 2255's statute of limitations or to "circumvent" its restrictions on unauthorized, successive motions. *Frasier v. United States*, 343 F. App'x 985, 986 (5th Cir. 2009).

**<u>Discussion</u>**

Given that Sila has already litigated and lost his central claim repeatedly over the past decade, coram nobis relief is not available to him for several reasons. This Court thus has several bases upon which it can reject his petition.

*First*, because Sila's "assertions amount to hardly more than regurgitation of the claims he has already presented in his § 2255 petition" and on appeal, he is not entitled to the writ. *See Esogbue*, 357 F.3d at 535.[3] In fact, where (as here) a defendant tries to raise claims in coram nobis that are "essentially the same" as those presented "in his direct criminal appeal and in his § 2255 motion," such claims are "procedurally barred" and cannot form the basis for relief. *United States v. Stone*, No. 3:04-CR-0318-N, 2017 WL 10409815, at *3 (N.D. Tex. Oct. 13, 2017) (citing *Moody v. United States*, 874 F.2d 1575, 1577 (11th Cir. 1989)). This Court can and should reject his coram nobis petition on that ground alone. *See, e.g.*, *United States v. Miller*, 705 F. App'x 325, 325 (5th Cir. 2017) (affirming denial of the writ where the petitioner's claim was "previously addressed and denied in his 28 U.S.C. § 2255 motion").

*Second*, and relatedly, because Sila's central claim was known to him and previously litigated by him while he was incarcerated (both on appeal and in Section 2255), coram nobis relief is not a proper remedy. As explained below, he fails to meet his burden of "overcoming the presumption that previous judicial proceedings were

---

[3] Sila concedes that his claim asks this Court to "[r]evisit[] the § 2255 [r]uling." (CV No. 3 at 13.) But Sila already asked the Fifth Circuit to grant him a certificate of appealability as to that ruling, and the Fifth Circuit denied that claim. *See Sila v. United States*, No. 3:22-CV-1340-B, Dkt. No. 27 (N.D. Tex. Feb. 10, 2025). Coram nobis cannot be used to obtain relief that was rejected under Section 2255. *See Frasier*, 343 F. App'x at 986.

correct"—namely, his prior appeals and his Section 2255 motion.  *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998).  And while he complains that certain counsel (and changes in counsel) made it difficult to assert this claim earlier, (CV No. 3 at 12-16), none of those excuses changes the facts that: (1) he has raised (and lost) this central argument repeatedly; and (2) nothing prevented him from raising every aspect of this claim earlier when he was still in custody.

*Third*, Sila's central argument is factually wrong, as this Court and the Fifth Circuit have already concluded.  Specifically, Sila's argument about "actual innocence" depends on the factual premise that he was charged with "wrongful taking of the Treasury check from the United States in 2015"—not knowingly converting that stolen check into cash in August of 2016.  (CV No. 3 at 7-10.)  But that factual premise is wrong, as the Fifth Circuit and this Court have already held.  *See Sila*, 978 F.3d at 269 (concluding that the government "did not allege two offenses in two locations, or even that one offense occurred across two locations"; rather "[t]he indictment is instead based solely on the August 9, 2016 Dallas transaction" during which Sila knowingly converted the IRS treasury check into cash); *Sila*, 2024 WL 3625669, at *3 ("[Sila's] offense conduct in the underlying criminal case—selling the treasury check for cash—is encompassed by the 'stealing' and 'conversion' language in the second superseding indictment and jury instructions.").

His related arguments designed to support his incorrect central claim similarly falter.  As an initial matter, Sila argues that he could not have been convicted of knowingly converting the stolen check in August of 2016 because the "wrongful taking"

was complete in 2015 when the fraudulent tax return was submitted.  (CV No. 3 at 8-9.)
But this Court has already rejected that claim too.  *See Sila*, 2024 WL 3625669, at *4
(concluding "that the criminal conduct which occurred earlier in time in Kenya may have,
in theory, constituted a violation of § 641 did not foreclose an independent violation of
§ 641 based on [Sila's] separate transaction of converting the check to cash by selling it
within this judicial district").

Moreover, Sila claims that comments by the government when discussing a jury
note and in a press release confirm that his central argument is correct.  (CV No. 2 at 10-
13.)  But that too is wrong because Sila takes those statements out of context—just as he
did in the first appeal when he claimed that portions of the government's closing
argument supported his position.  *See Sila*, 978 F.3d at 269 ("Context is key. . . . None of
the quotes to which Sila directed us show that the Count I offense was based on conduct
in Kenya as opposed to conduct in Dallas.").  Although the prosecutor noted in response
to the jury note that the Cynthia Short tax return was filed in 2015 (which it was), (*see*
CR No. 99 at 1, CR No. 150 at 87), that does not change the fact that Sila was charged
and convicted for knowingly converting the resulting $76,000 check into cash in August
of 2016 in Dallas, Texas, *see Sila*, 978 F.3d at 269 (confirming that: (1) the "indictment
alleged that the crime occurred on or about August 9, 2016 'in the Dallas Division of the
Northern District of Texas,' not in Kenya"; and (2) "the facts alleged in Count [One]
correspond to the August 9, 2016 transaction, and cannot be reasonably construed to

relate to any conduct performed at a much earlier date on a different continent").[4]  And while the press release recognizes the obvious—that Sila came into possession of the "illegally obtained" treasury check sometime before he knowingly converted it in August of 2016—the focus of that press release was the illegal conduct for which he was charged and convicted: "On August 9, 2016, Sila delivered the treasury check to an Internal Revenue Service (IRS) Criminal Investigation (CI) undercover agent in exchange for $48,000."[5]

In sum, Sila was charged and convicted of knowingly converting the Cynthia Short treasury check into cash in August of 2016 in Dallas, Texas.  The government's position about that charge has remained consistent throughout the past decade, as the Fifth Circuit and this Court have confirmed.  *Sila*, 978 F.3d at 269; *Sila*, 2024 WL 3625669, at *3-4.  Sila thus is not entitled any relief—and certainly not the "extraordinary" relief under the writ of coram nobis based on this argument that has been roundly and repeatedly rejected by the Fifth Circuit and this Court.  As the Fifth Circuit noted in *Esogbue*, where assertions in a coram nobis petition "amount to hardly more than regurgitation of the claims [Sila] has already presented in his § 2255 petition, that has been considered and dismissed, or claims that [Sila] reasonably could have raised in that petition, it cannot be said that he has made the necessary showing of a 'complete miscarriage of justice.'"  357 F.3d at 535.

---

[4] The Court's response to the jury note was proposed by Sila's counsel.  (CR No. 150 at 91-92.)

[5] *See Federal Jury Convicts Man of Theft of Government Funds and Identity Theft*, https://www.justice.gov/usao-ndtx/pr/federal-jury-convicts-man-theft-government-funds-and-identity-theft (Sept. 28, 2017).

## CONCLUSION

For these reasons, the Court should deny Sila's coram nobis petition.

Respectfully submitted,

Nancy E. Larson
Acting United States Attorney

*/s/ Stephen S. Gilstrap*
Stephen S. Gilstrap
Assistant United States Attorney
Texas State Bar No. 24078563
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: (214) 659-8644
stephen.gilstrap@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that, on September 3, 2025, I filed this motion with the Clerk of Court for the U.S. District Court, Northern District of Texas. I also certify that a copy of this motion was sent to Jeffrey Ndungi Sila, 7521 Anderson Street, Shawnee, Kansas 66227, by certified mail.

*/s/ Stephen S. Gilstrap*
Stephen S. Gilstrap